# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00467-CR

---

**David Trey Odell, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 452ND DISTRICT COURT OF MCCULLOCH COUNTY**
**NO. 6659, THE HONORABLE ROBERT R. HOFMANN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant David Trey Odell pleaded guilty to the offense of arson. Following a hearing on punishment, the district court assessed punishment at ten years' imprisonment but suspended imposition of the sentence, placing Odell on community supervision for ten years. The State later filed a motion to revoke, alleging that Odell had violated the conditions of his community supervision. Following a hearing, the district court found the allegations in the motion to revoke to be true, revoked Odell's community supervision, and imposed its sentence of ten years' imprisonment. This appeal followed.

Odell's court-appointed counsel on appeal has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).

Counsel has certified to this Court that he has provided Odell with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson*, 488 U.S. at 80; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In this case, the record reflects that the terms of Odell's community supervision included a requirement that he refrain from the use of narcotics. In its motion to revoke, the State alleged that Odell had failed to comply with this and other requirements.

At the hearing on the motion to revoke, Odell's probation officer testified that Odell had tested positive on a urinalysis for methamphetamine. The officer further testified that even though he provided Odell with treatment options after he tested positive, Odell did not complete either a drug assessment or individual counseling and told the officer that he did not want to participate in a one-year treatment program.

Other evidence admitted at the revocation hearing included the police report describing the arson. In the report, officers stated that they had been dispatched to a residence in Brady in response to a call that a subject had attempted to start a fire inside. Upon arrival, officers contacted Odell and his girlfriend, who told the officers that following a verbal argument, Odell had sprayed lighter fluid on the floor of the house and started a fire inside her baby's room.[1] The girlfriend showed the officers a video recording taken from her phone that appeared to show Odell spraying lighter fluid on the floor and attempting to light it on fire. The

---

[1] There is no indication in the record that the baby was inside the room at the time.

officers went inside the bedroom and observed a burn mark on the floor and could smell the odor from the lighter fluid. Odell admitted to the officers that he had started a fire inside the house and that he "did it for attention."

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous. We find nothing in the record that might arguably support the appeal. We affirm the judgment revoking community supervision and grant counsel's motion to withdraw.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: April 30, 2024

Do Not Publish

3